**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SEOUL SEMICONDUCTOR CO., LTD., a
Korean corporation and SEOUL VIOSYS
CO., LTD., a Korean corporation,

      Plaintiffs,

Case No. 6:19-cv-02264-CEM-EJK

v.

HEALTHE, INC.

      Defendant.

_____/

**DEFENDANT'S ANSWER TO**
**PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT,**
**AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**

Defendant Healthe, Inc. ("Defendant"), by and through their undersigned counsel, hereby answers the Complaint (Document 1, "Complaint"), filed by Plaintiffs Seoul Semiconductor Co., Ltd., and Seoul Viosys Co., Ltd., ("Seoul"), by numbered paragraphs, as follows:

**INTRODUCTION**

1.     Without knowledge and therefore denied.

2.     Without knowledge and therefore denied.

3.     Without knowledge and therefore denied.

**THE PARTIES**

4.     Without knowledge and therefore denied.

5.     Without knowledge and therefore denied.

6. Admitted.

7. Admitted that Healthe manufactures, researches, develops, and sells devices and systems that use LEDs as a light source. Admitted that Healthe manufactures, offers for sale, and sells certain products that were previously manufactured and sold by LSG. All other allegations of this paragraph are denied.

8. Admitted that Defendant has offered for sale and sold certain mobile task light products, otherwise denied.

9. Admitted that Defendant has offered for sale and sold LED-based products, otherwise denied.

## JURISDICTION AND VENUE

10. Admitted.

11. States a legal conclusion with respect to personal jurisdiction to which no response is required. To the extent a response is required, for purposes of this case only, Heathe does not contest personal jurisdiction in this District, otherwise denied.

12. Denied that Defendant offers to sell or sell products that infringe the asserted patents. Admitted that Healthe offers to sell and sells products from its website for shipment to purchasers in Florida. All other allegations of this paragraph are denied.

13. Denied that Defendant has committed acts of infringement in this district. Whether venue is proper in this district is a legal conclusion to which no response is required. To the extent a response is required, for purposes of this case only, Defendant does not contest venue in this District. All other allegations of this paragraph are denied.

## PATENTS-IN-SUIT

14. Without knowledge and therefore denied.

15. Without knowledge and therefore denied.

16. Without knowledge and therefore denied.

17. Without knowledge and therefore denied.

18. Without knowledge and therefore denied.

19. Without knowledge and therefore denied.

20. Without knowledge and therefore denied.

## COUNT I

## INFRINGEMENT OF THE '552 PATENT

## EXAMPLE CLAIM 1

21. Denied.

22. Admitted a product named GoodNight FG-07002 contains light emitting devices, otherwise without knowledge and therefore denied.

23. Without knowledge and therefore denied.

24. Without knowledge and therefore denied.

25. States a legal conclusion based on unconstrued patent claim language, to which a response is not required. To the extent a response is required, without knowledge and therefore denied.

26. States a legal conclusion based on unconstrued patent claim language, to which a response is not required. To the extent a response is required, without knowledge and therefore denied.

27. States a legal conclusion based on unconstrued patent claim language, to which a response is not required. To the extent a response is required, without knowledge and therefore denied.

28. Denied.

29. Denied.

## COUNT II

## INFRINGEMENT OF THE '967 PATENT

## EXAMPLE CLAIM 1

30. Denied.

31. States a legal conclusion based on unconstrued patent claim language, to which a response is not required. To the extent a response is required, without knowledge and therefore denied.

32. Without knowledge and therefore denied.

33. States a legal conclusion based on unconstrued patent claim language, to which a response is not required. To the extent a response is required, without knowledge and therefore denied.

34. States a legal conclusion based on unconstrued patent claim language, to which a response is not required. To the extent a response is required, without knowledge and therefore denied.

35. States a legal conclusion based on unconstrued patent claim language, to which a response is not required. To the extent a response is required, without knowledge and therefore denied.

36. Denied.

37. Denied.

## COUNT III

### INFRINGEMENT OF THE '800 PATENT

### EXAMPLE CLAIM 1

38. Denied.

39. Admitted a product named JOURNI FG-07028 contains light emitting devices, otherwise without knowledge and therefore denied.

40. States a legal conclusion based on unconstrued patent claim language, to which a response is not required. To the extent a response is required, without knowledge and therefore denied.

41. States a legal conclusion based on unconstrued patent claim language, to which a response is not required. To the extent a response is required, without knowledge and therefore denied.

42. States a legal conclusion based on unconstrued patent claim language, to which a response is not required. To the extent a response is required, without knowledge and therefore denied.

43. Denied.

44. Denied.

## COUNT IV

## INFRINGEMENT OF THE '210 PATENT

## EXAMPLE CLAIM 1

45. Denied.

46. Without knowledge and therefore denied.

47. States a legal conclusion based on unconstrued patent claim language, to which a response is not required. To the extent a response is required, without knowledge and therefore denied.

48. Without knowledge and therefore denied.

49. Denied.

50. Denied.

## COUNT V

## INFRINGEMENT OF THE '225

## EXAMPLE CLAIM 1

51. Denied.

52. Admitted a product named JOURNI FG-07028 contains light emitting devices, otherwise denied.

53. Without knowledge and therefore denied.

54. States a legal conclusion based on unconstrued patent claim language, to which a response is not required. To the extent a response is required, without knowledge and therefore denied.

55. Denied.

56. Denied.

## COUNT VI

## INFRINGEMENT OF THE '868 PATENT

## EXAMPLE CLAIM 1

57. Denied.

58. Admitted a product named JOURNI FG-07028 contains light emitting devices, otherwise denied.

59. Without knowledge and therefore denied.

60. Without knowledge and therefore denied.

61. States a legal conclusion based on unconstrued patent claim language, to which a response is not required. To the extent a response is required, without knowledge and therefore denied.

62. Denied.

63. Denied.

## COUNT VII

## INFRINGEMENT OF THE '032 PATENT

## EXAMPLE CLAIM 19

64. Denied.

65. Admitted a product named JOURNI FG-07028 contains light emitting devices, otherwise denied.

66. Without knowledge and therefore denied.

67. States a legal conclusion based on unconstrued patent claim language, to which a response is not required. To the extent a response is required, without knowledge and

therefore denied.

68. Denied.

69. Denied.

## PRAYER FOR RELIEF

Defendant denies that Seoul is entitled to the relief requested in the Complaint.

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury on all issues so triable.

## GENERAL DENIAL

All allegations of the Complaint not specifically admitted above are denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(b) and (c), without assuming any burden that it would not otherwise bear, without reducing or removing Seoul's burdens of proof on its affirmative claims against Defendant, reserving its right to assert additional defenses and/or affirmative defenses, and solely to the extent deemed necessary by the Court to maintain any and all of the following defenses, Defendant asserts the following defenses and/or affirmative defenses to the Complaint:

## FIRST DEFENSE
## (NO INFRINGEMENT)

Defendant has not infringed any claim of the asserted patents, literally or under the doctrine of equivalents.

## SECOND DEFENSE
## (INVALIDITY/UNENFORCEABILITY)

Each of the claims of the asserted patents is invalid and/or unenforceable for failing to comply with one or more of the requirements for patentability under the Patent Laws of the United States as set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 282.

## THIRD DEFENSE
## (FAILURE TO STATE A CLAIM)

With respect to each purported claim for relief alleged in the Complaint, Seoul fails to allege facts sufficient to state a claim against Defendant upon which relief may be granted.

## FOURTH DEFENSE
## (NOTICE AND DAMAGES)

Seoul's recovery for alleged infringement of the asserted patents is limited to any alleged infringement committed no more than 6 years prior to the filing of its original complaint [D.E. 1], pursuant to 35 U.S.C. § 286.

To the extent Seoul failed to comply with the notice provisions of 35 U.S.C. § 287, Seoul may not recover damages for alleged infringement committed prior to the filing of its Complaint [D.E. 1].

## SIXTH DEFENSE
## (NOT AN EXCEPTIONAL CASE)

Seoul cannot prove that this is an exceptional case justifying an award of attorney fees against Defendant pursuant to 35 U.S.C. § 285.

## SEVENTH DEFENSE
## (NO INJUNCTIVE RELIEF)

Seoul is not entitled to injunctive relief because any alleged injury to Seoul is not immediate or irreparable, Seoul has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

## EIGHTH DEFENSE
## (EQUITABLE DEFENSES)

Seoul is barred in whole or in part under principles of equity, including without limitation, laches, waiver, estoppel, and/or unclean hands.

## NINTH DEFENSE
## (PROSECUTION HISTORY ESTOPPEL)

Seoul is estopped from construing any valid claim of the asserted patents to cover or include, either literally or by application of the doctrine of equivalents, any of Defendant's products or processes because of statements made to the U.S. Patent and Trademark Office during the prosecution of the application which led to the issuance of the asserted patents.

## TENTH DEFENSE
## (LICENSE/ACQUIESCENCE)

Defendant's use of the asserted patents is authorized by a written, oral, or implied license or Seoul has acquiesced to Defendant's use.

## ELEVENTH DEFENSE
## (LACK OF STANDING)

Seoul lacks standing to bring its claims.

## TWELFTH DEFENSE
## (EQUITABLE ESTOPPEL)

The asserted patents are limited and/or unenforceable by reason of equitable estoppel.

## OTHER AFFIRMATIVE DEFENSES

Defendant hereby gives notice that it intends to rely upon any other defenses that may become available in this case and hereby reserves the right to amend this Answer to assert any such defense.

DATED: February 20, 2020

    Respectfully submitted,

    */s/ Mark F. Warzecha*
    Mark F. Warzecha
    Florida Bar No. 95779
    MFW@USLegalTeam.com
    WIDERMAN MALEK, PL
    1990 W. New Haven Ave., Ste 201
    Melbourne, FL 32904
    Telephone: (321) 255-2332
    Facsimile:  (321) 255-2351
    *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this February 20, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

    */s/ Mark F. Warzecha*