UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SEOUL SEMICONDUCTOR CO., LTD., a
Korean corporation and SEOUL VIOSYS
CO., LTD., a Korean corporation,

        Plaintiffs,                      Case No. 6:19-cv-02264-CEM-EJK

v.

HEALTHE, INC.

        Defendant.
_____/

### DEFENDANT'S MOTION TO MODIFY

        Pursuant to Federal Rule of Civil Procedure 6(b) and L.R. 3.01, Defendant Healthe, Inc. requests expedited consideration of its Motion to Modify the Case Management and Scheduling Order, Dkt. 24, to extend the deadline for Healthe's Disclosure of Non-Infringement and Invalidity Contentions from August 17, 2020 to September 16, 2020. Good cause supports Healthe's requested extension. Healthe is in the process of retaining Kirkland & Ellis LLP to represent it and requested these additional 30 days so that Kirkland & Ellis can familiarize itself with this case and assist in preparing this disclosure. The requested extension would not meaningfully impact the case schedule: fact discovery does not close for another nine months, and the *Markman* briefing scheduled for late November can proceed as scheduled. And because *Markman*, fact discovery, and the remainder of the case would proceed on schedule, there is no prejudice to Plaintiffs.

        In support, Defendant states the following:

1. On May 11, 2020 this Court entered a Case Management and Scheduling Order. (Document 24). Under the scheduling order, Healthe's Disclosure of Non-Infringement and Invalidity

1

Contentions were due on August 17, 2020.  A claim construction hearing is set for January 12, 2021, and fact discovery closes on May 17, 2021.

2. Defendant Healthe is represented by Mark Warzecha of Widerman Malek, PL.  Healthe is in the process of retaining Kirkland & Ellis to represent it on this case.

3. On the morning of Friday, August 14, Jay Emerick of Kirkland & Ellis contacted Plaintiffs' counsel requesting an extension of Healthe's Disclosure of Non-Infringement and Invalidity Contentions from August 17, 2020 to September 16, 2020, so that it could familiarize itself with the case prior to, and participate in, the submission of contentions.

4. On August 17, 2020, Healthe's counsel submitted its motion to modify the Case Management and Scheduling Order (Doc. 26).  At that time, Plaintiffs' counsel had not yet received a response from its clients related to the relief sought herein. Healthe's motion was denied without prejudice for failure to comply with Local Rule 3.01(g). (Doc. 27).

5. Healthe's counsel emailed Plaintiffs' counsel again on August 18, 2020 and was informed that Plaintiffs oppose the instant motion.

6. To avoid overlap between Healthe's Disclosure of Non-Infringement and Invalidity Contentions and the initial exchange of claim terms and constructions, Healthe requests that the Case Management and Scheduling Order be amended as follows:

| Event | Current | Proposed |
|---|---|---|
| Disclosure of Non-Infringement and Invalidity Contentions | August 17, 2020 | September 16, 2020 |
| Initial Identification of Disputed Claim Terms | September 15, 2020 | October 5, 2020 |
| Proposed Claim Term Constructions | October 14, 2020 | October 26, 2020 |
| Joint Claim Construction Statement | October 28, 2020 | November 2, 2020 |

7. The proposed extension would not impact *Markman* briefing scheduled to begin in late November, the *Markman* hearing scheduled in January 2021, or the close of fact discovery, expert discovery, dispositive motions, or trial.

**MEMORANDUM OF LAW**

The Eleventh Circuit "accord[s] district courts broad discretion over the management of pretrial activities, including discovery and scheduling. *Johnson v. Bd. of Regents of Univ. of Georgia,* 263 F.3d 1234, 1269 (11th Cir. 2001). "When an act may or must be done within a specified time, the court may, for good cause, extend the time … with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]" Fed. R. Civ. P. 6(b)(1)(A).  "The Court routinely grants extensions when they are sought in good faith; do not prejudice a party; are not likely to create future case management problems; the Court will still have sufficient time to decide dispositive motions; and the extension will not impact the trial date." *Gillio v. US Bank NA*, No. 12-cv-1548, 2013 WL 12387342, at *1 (M.D. Fla. July 1, 2013).

Good cause supports Healthe's requested extension, which will allow Kirkland & Ellis to familiarize itself with this case and assist in preparing its disclosure. The *Markman* hearing is nearly five months away, and the close of fact discovery is nine months away.  The requested extension would not delay either of these, or any other subsequent date on the schedule. Furthermore, the Court will have sufficient time to decide dispositive motions and the extension will not impact the trial date. Because all of these dates would proceed on schedule, there is no prejudice to Plaintiffs.

The original motion was filed prior to the expiration of the deadline for Healthe's Disclosure of Non-Infringement and Invalidity Contentions.  This motion is not filed for purposes of delay and is not the product of a lack of diligence on the part of Healthe. Instead, it seeks a

modest extension of a limited number of deadlines so that Kirkland & Ellis can familiarize itself with this case and participate in its Disclosure of Non-Infringement and Invalidity Contentions.

Accordingly, Plaintiffs respectfully request an Order amending the Case Management and Scheduling Order as set forth herein.

DATED: August 18, 2020

>Respectfully submitted,
>
>*/s/ Mark F. Warzecha*
>Mark F. Warzecha
>Florida Bar No. 95779
>MFW@USLegalTeam.com
>WIDERMAN MALEK, PL
>1990 W. New Haven Ave., Ste 201
>Melbourne, FL 32904
>Telephone: (321) 255-2332
>Facsimile:  (321) 255-2351
>*Attorney for Defendant*

## CERTIFICATE OF MEET AND CONFER CONFERENCE

Pursuant to Local Rule 3.01(g), the undersigned counsel hereby certifies that counsel for the parties conferred in good faith on August 14, 2020 and August 17, 2020 and August 18, 2020 and Plaintiffs oppose the relief sought herein.

Dated:  August 18, 2020         Respectfully submitted,

/s/ *Mark F. Warzecha*

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this August 18, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Mark F. Warzecha*