**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Case No. 19-cv-02264-CEM-EJK

SEOUL SEMICONDUCTOR CO., LTD.,
a Korean corporation; SEOUL VIOSYS CO., LTD.,
a Korean corporation,

        Plaintiffs,

v.

HEALTHE, INC.

        Defendant.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO MODIFY**

Plaintiffs Seoul Semiconductor Co., Ltd. and Seoul Viosys Co., Ltd. (collectively "Plaintiffs") submit this response in opposition to Defendant Healthe, Inc.'s Motion to Modify ("Motion") [DE 28] the Case Management and Scheduling Order ("Scheduling Order") [DE 24].

In the Motion, Defendant seeks to modify the Scheduling Order primarily to obtain additional time for Defendant to file and serve its Disclosure of Non-Infringement and Invalidity Contentions, which were due to be filed on August 17, 2020, on the basis that Defendant is in the process of hiring new legal counsel. Plaintiffs oppose Defendant's Motion for several reasons, but to the extent the Court decides good cause exists to grant an extension, Plaintiffs propose a ten day extension (to August 31, 2020) for the Defendant's Disclosure of Non-Infringement and Invalidity Contentions.

## MEMORANDUM OF LAW

I.     **Facts**

In February 2020, the parties negotiated and agreed to a timetable of disclosures and deadlines in the case, including disclosure of their respective infringement and invalidity contentions. The parties' Case Management Report in Patent Cases [DE 23], filed in late February 2020, reflected the agreed dates: July 14, 2020 for Plaintiffs' Disclosure of Infringement Contentions and August 17, 2020 for Defendant's Disclosure of Non-Infringement and Invalidity Contentions. The Scheduling Order setting these dates was entered in early May 2020, and Plaintiffs served their Disclosure of Infringement Contentions by July 14, 2020 as required.

The Friday before Defendant's Disclosure of Non-Infringement and Invalidity Contentions was due, Defendant's Florida counsel, Mr. Warzecha, contacted Plaintiffs' counsel by email to request an extension of the deadline that was to expire the following Monday. *See* Declaration of C. Matthew Detzel, attached hereto as **Exhibit A** (hereinafter "Detzel Decl.") ¶ 8. Because the business week had already ended in Korea, Plaintiffs' counsel was unable to confer with their clients. *Id.* ¶¶ 9, 12, 16-17. To avoid the possibility of missing the Court's deadline, Plaintiffs' counsel proposed an accommodation permitting an initial disclosure on the deadline, but with fair supplementation permitted within thirty days thereafter. *Id.* ¶13. Defendant's counsel rejected Plaintiffs' proposed accommodation, and instead asked the Court to grant a 31-day extension with additional scheduling changes that were opposed by Plaintiffs. *Id.* ¶¶ 14-19.

Defendant's proposal reduces the time Plaintiffs have from the time the parties would

exchange disputed claim terms to file Plaintiffs' opening claim construction brief by 20 days, and also, *inter alia*, notably reduces Plaintiffs' time following the joint claim construction statement to file their opening brief by five days. As a result of these changes, Plaintiffs oppose Defendant's proposal.

## II.     Argument

### A.     Defendant's proposed extensions should be denied

It is undersigned counsel's practice to generally accommodate extension requests that do not require significant alterations to the case schedule, particularly where the request is made with sufficient time to consider the impact of the changes and confer with the client when necessary. This is not one of those situations.

Here, Defendant's request to modify the Scheduling Order should be denied because Defendant has failed to establish good cause for the proposed modifications and to demonstrate its actions were the byproduct of excusable neglect. *See Payne v. C.R. Bard, Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) ("A party seeking the extension of an already-expired scheduling order deadline must show both good cause *and* excusable neglect." (citing Fed. R. Civ. P. 6(b)(1), 16(b)(4)); *Gillio v. US Bank NA*, No. 612CV1548ORL36TBS, 2013 WL 12387342, at *1 (M.D. Fla. July 1, 2013) ("Federal Rule of Civil Procedure 6(b)(1)(A) authorizes the Court to extend the time to complete an act, for good cause, if a request is made, or the Court acts, before the original time or its extension has expired. . . . Rule 6(b)(1)(B) FED.R.CIV.P. states that '[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect.'").

Defendant has not shown it acted diligently to prepare its Disclosure of Non-Infringement and Invalidity Contentions, as is required to meet the good cause standard. *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) ("We have recognized that Rule 16(a)'s good cause standard precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension." (internal quotations omitted) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) and citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end."))). Defendant is not replacing its local counsel, Mr. Warzecha, in this matter, yet Mr. Warzecha contacted the undersigned counsel for Plaintiffs regarding the need for an extension for the first time on Friday, August 14, 2020—although the long-set deadline for Defendant's contentions was Monday, August 17, 2020.

While Plaintiffs do not know how or when Defendant ultimately settled on the decision to replace its prior patent counsel[1] (who never formally entered an appearance in this action), Defendant could and should have reached out to Plaintiffs through Mr. Warzecha to request an extension much earlier, even if Defendant had not yet selected replacement patent counsel. This would have given the parties a chance to meaningfully work through proposed changes to the Scheduling Order without the pressure of the deadline hanging over the negotiations.

Plaintiffs should not be required to accommodate significant changes to the case schedule because Defendant waited to the last minute to (i) retain new counsel and (ii) request an extension of deadlines scheduled by the Court in early May of 2020 and negotiated by the

---

[1] Defendant was originally represented by Andrew Gish, Esq. of Noroozi, P.C. *See* Detzel Decl., ¶ 5.

parties in February 2020.

Further, even if there is some unexplained excusable neglect for the late request, in addition to the procedural issues discussed above, Defendant's proposed schedule shortens deadlines for Plaintiffs without explanation. For example, Defendant's proposal pushes out the date for the parties to identify disputed claim terms and proposed constructions to October 5, 2020 and October 26, 2020, respectively. This unreasonably decreases the time Plaintiffs have to submit their opening claim construction brief from the initial identification of disputed terms by 20 days, and also reduces the time Plaintiffs have to file their opening brief following the joint claim construction statement by five days. Plaintiffs should not be so prejudiced because Defendant changed legal counsel and failed to diligently prepare its contentions. *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (finding prejudice to nonmoving party is a key concern when determining excusable neglect); *see also Payne*, 606 F. App'x at 944 ("In determining whether a party has shown 'excusable neglect' warranting an extension, a court must consider all pertinent circumstances, *including the danger of prejudice to the nonmovant*, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. (emphasis added) (internal quotations omitted)).).

**B.     If the Court finds good cause for an extension, Plaintiffs propose extending the deadline for Defendant's contentions to August 31, 2020 while leaving the remaining case deadlines unchanged.**

In the event the Court determines good cause exists to grant Defendant's request for an extension, the prejudice to Plaintiffs from the shortened time to submit their opening claim

construction brief is a sufficient basis to reject Defendant's proposed dates. Plaintiffs do not oppose a limited extension of the deadline to disclose non-infringement and invalidity contentions until Monday, August 31, 2020, that maintains the remaining court-set dates set forth in the Scheduling Order, as reflected in the chart below.

| Event | Current Scheduling Order | Defendant's Proposal | Plaintiffs' Proposal |
|---|---|---|---|
| Disclosure of Non-Infringement and Invalidity Contentions | August 17, 2020 | September 16, 2020 | August 31, 2020 |
| Initial Identification of Disputed Claim Terms | September 15, 2020 | October 5, 2020 | September 15, 2020 |
| Proposed Claim Term Constructions | October 14, 2020 | October 26, 2020 | October 14, 2020 |
| Joint Claim Construction Statement | October 28, 2020 | November 2, 2020 | October 28, 2020 |
| Plaintiff's Claim Construction Brief | November 18, 2020 | November 18, 2020 | November 18, 2020 |

Extending the deadline to August 31, 2020 for Defendant's Disclosure of Non-Infringement and Invalidity Contentions would provide Defendant's new counsel with a reasonable amount of additional time to prepare Defendant's contentions, and the parties would still have two weeks to identify disputed terms after Defendant serves its contentions. In addition, this ten day extension leaves the remaining dates and schedule unaltered.

IV. **Conclusion**

For all the above stated reasons, the Court should deny Defendant's proposed extensions, or, in the alternative, upon finding good cause, grant a ten-day extension to August 31, 2020, for Defendant to serve its Disclosure of Non-Infringement and Invalidity Contentions, leaving the other deadlines in the Scheduling Order unchanged.

Dated: August 21, 2020　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　By:　*s/ C. Matthew Detzel*
　　　　　　　　　　　　　　　　　　　　C. Matthew Detzel, Esq.
　　　　　　　　　　　　　　　　　　　　Fla. Bar. No. 050604
　　　　　　　　　　　　　　　　　　　　HOLLAND & KNIGHT LLP
　　　　　　　　　　　　　　　　　　　　200 S. Orange Avenue, Suite 2600
　　　　　　　　　　　　　　　　　　　　Orlando, Florida 32801
　　　　　　　　　　　　　　　　　　　　Telephone: (407) 425-8500
　　　　　　　　　　　　　　　　　　　　Facsimile: (407) 244-5288
　　　　　　　　　　　　　　　　　　　　matthew.detzel@hklaw.com

　　　　　　　　　　　　　　　　　　　　Michael B. Eisenberg, Esq.
　　　　　　　　　　　　　　　　　　　　(*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　HOLLAND & KNIGHT LLP
　　　　　　　　　　　　　　　　　　　　31 West 52nd Street
　　　　　　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　　　　　　Telephone: 212.513.3529
　　　　　　　　　　　　　　　　　　　　Facsimile: 212.385.9010
　　　　　　　　　　　　　　　　　　　　michael.eisenberg@hklaw.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 21, 2020, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

By: */s/ C. Matthew Detzel*
C. Matthew Detzel