# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | | |
|---|---|---|
| SEOUL SEMICONDUCTOR CO., LTD., a Korean corporation; SEOUL VIOSYS CO., LTD., a Korean corporation, | : : : : : : | |
| Plaintiffs, | : : | Civil Action No.: 6:19-cv-02264-CEM-EJK |
| v. | : : | |
| HEALTHE, INC. | : : : | |
| Defendant. | : : | |

## DECLARATION OF C. MATTHEW DETZEL

My name is C. Matthew Detzel, and I declare:

1. I am over the age of eighteen, and I am competent to make this declaration.

2. I make this declaration based upon my personal knowledge and would testify under oath to the facts in this declaration if called to do so.

3. My law partner, Michael B. Eisenberg, Esq., and I are presently co-counsel of record for Plaintiffs Seoul Semiconductor Co., Ltd. and Seoul Viosys Co., Ltd. ("Plaintiffs") in the above-captioned action for patent infringement against Defendant Healthe, Inc.

4. We are also counsel for Plaintiffs in a related patent infringement action, *Seoul Semiconductor Co., Ltd. v. VividGro, Inc.* (Case No.: 6:19-cv-02263-PGB-EJK), which is also pending before this Court.

5. After filing this action, we were contacted by Andrew Gish, Esq. of the firm Noroozi, P.C., via electronic mail informing us that his firm had been retained to represent Defendant in this case. It is my understanding that Mr. Gish is not admitted to practice law in Florida and is not a member of the bar admitted to practice before this Court.

6. Consequently, Defendant also retained Mark F. Warzecha, Esq., as local counsel, and Mr. Warzecha entered an appearance in this action on Defendant's behalf.

7. Neither Mr. Gish nor anyone from his firm sought admission *pro hac vice* to this Court.

8. On the morning of Friday, August 14, 2020, I received a telephone call from Mr. Warzecha. Mr. Warzecha informed me that Defendant was in the process of retaining new counsel in this matter and that Defendant intended to ask the Court for a 30-day extension of time to file its contentions of non-infringement and invalidity, which were due on or before August 17, 2020 pursuant to the Scheduling Order [DE 24] set by the Court.

9. Mr. Warzecha asked me if Plaintiffs would consent to such a motion. I explained that while I thought the request as stated seemed reasonable, I needed to discuss it with Mr. Eisenberg and obtain approval from the client. I also asked Mr. Warzecha whether his request for an extension would impact other filing deadlines set by the Scheduling Order, and that we would need to see a breakdown of any proposed changes to the case calendar before we could give a definite response.

10. Shortly after Mr. Warzecha's call, I informed Mr. Eisenberg via e-mail of Defendant's retention of new counsel and intention to ask for changes to the Scheduling Order.

2

He indicated that he would raise the request with Plaintiffs once we had the specifics of the changes Defendant intended to request.

11. Later on Friday, August 14, 2020, I was contacted by Defendant's new counsel, Jay Emerick, Esq. Mr. Emerick e-mailed a table of Defendant's proposed changes to several dates set in the Scheduling Order, and subsequently called me to discuss. Mr. Eisenberg was not included on Mr. Emerick's email.

12. I informed Mr. Emerick that I needed to confer with Mr. Eisenberg and that we could not agree to his proposal, which would reduce the amount of time Plaintiffs would have to prepare for several filings including five (5) fewer days to prepare and file Plaintiffs' initial Claim Construction Brief, without approval from our clients.

13. As an alternative, I indicated if Defendant filed contentions on August 17, 2020 as scheduled, Plaintiffs would agree to allowing Defendant an opportunity to file a good faith supplement to its non-infringement and invalidity contentions if filed within twenty to thirty days.

14. Mr. Emerick stated he would convey our counter-proposal to his client. He also offered to re-work the dates in Defendant's proposal and circulate a new table that would reduce the impact on Plaintiffs' allocated preparation time between filings.

15. Mr. Emerick sent this updated proposal to me after 4 p.m. Mr. Eisenberg was not included on this updated proposal email.

16. Mr. Emerick again reached out to me via email on Saturday regarding Defendant's proposal. Mr. Eisenberg was not included on this correspondence, either. I

responded to Mr. Emerick indicating that we were still waiting for a response from our clients and would update him once we had one.

17. On Sunday, August 16, 2020, Mr. Emerick asked that we hold a meet-and-confer call either Sunday afternoon or early Monday morning. I spoke on Monday morning around 8:30 a.m. with Mr. Emerick and Mr. Warzecha. At that time, Mr. Eisenberg and I were still waiting for a response to Defendant's proposal from our clients.

18. By the time I received an answer from Plaintiffs that they were not willing to agree to Defendant's proposal, Defendant had already filed its Motion to Modify.

19. Thereafter, I conveyed the Plaintiffs' position to Defendant's counsel.

I declare under penalty of perjury under the laws of the United States of America and laws of the State of Florida that the foregoing is true and correct to the best of my knowledge and recollection.

Executed this 21 day of August, 2020 in Orlando, Florida.

_____
C. Matthew Detzel, Esq.