UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SEOUL SEMICONDUCTOR CO., LTD., a
Korean corporation and SEOUL VIOSYS
CO., LTD., a Korean corporation,

        Plaintiffs,

v.

HEALTHE, INC.

        Defendant.

_____/

Case No. 6:19-cv-02264-CEM-EJK

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR ENLARGEMENT OF PAGE LIMITS**

Defendant Healthe, Inc. ("Healthe") does not oppose Seoul Semiconductor Co. Ltd. and Seoul Viosys Co. Ltd.'s ("SSC's") request for an additional 5 pages for its opening *Markman* brief, so long as there is no further expansion of SSC's Markman briefing via a reply brief. SSC has indicated that in addition to extra pages for its opening *Markman* brief, it may also seek a reply that could collectively nearly double its total briefing beyond what the Court's rules provide. Dkt. 46 at 2. Good cause does not support such an expansion.

SSC is asserting over sixty claims across seven patents in the instant case against Healthe, and is asserting fifty claims across six patents in the VividGro case, 19-cv-2263. The number of terms at issue here is the consequence of SSC's sprawling assertion of more than 100 claims across these two cases. Healthe is willing to accommodate SSC's request to make a reasonable expansion to the size of its opening brief, but nearly one year after filing the Healthe case, it is SSC that should be narrowing its cases to stay within the Court's page limits, not seeking to nearly double them. That is particularly true in these cases, where the cost of litigation is likely greater than SSC's potential recovery, making a further expansion of litigation costs unwarranted.

1

SSC states that it may seek a reply, arguing there has been "no notice or explanation to Plaintiffs for Defendant's indefiniteness theories." Dkt. 46 at 2. But SSC itself sought the procedural posture it now complains of.After Healthe disclosed its indefiniteness terms to SSC on October 23, Dkt. 41, SSC proposed that the parties **not** exchange evidence supporting their constructions prior to their briefing. (Exhibit A, ¶ 4, Declaration of Jay Emerick in Support of Defendant's Opposition to Plaintiff's Motion for Enlargement of Page Limits (the "Emerick Declaration")).

At bottom, Healthe does not oppose SSC's requested 5-page expansion to SSC's opening *Markman* brief, so long as there is no further expansion of SSC's Markman briefing via a reply. Finally, if the Court grants SSC a 5-page expansion, then Healthe similarly requests an additional 5 pages for its opening *Markman* brief.

DATED: November 17, 2020

Respectfully submitted,
*/s/ Mark F. Warzecha*
Mark F. Warzecha
Florida Bar No. 95779
MFW@USLegalTeam.com
WIDERMAN MALEK, PL
1990 W. New Haven Ave., Ste 201
Melbourne, FL 32904
Telephone: (321) 255-2332
Facsimile:  (321) 255-2351

Jay Emerick
Illinois Bar No. 6312746
jay.emerick@kirkland.com
Eric Hayes
Illinois Bar No. 6283056
ehayes@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-3772
Facsimile: (312) 862-2200
*Attorneys for Defendant*

2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this November 17, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Mark F. Warzecha*